UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-3940-GW(JCx) | Date | February 21, 2019 |
| Title | *Wayne Himelsein v. LS1 LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Derek J. Meyer | Michael F. Mulbarger<br>Stephen A. Weisbrod |

**PROCEEDINGS:** **DEFENDANT LS1 LLC'S MOTION TO DISMISS COUNT THREE OF PLAINTIFF HIMELSEIN'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) [57];**

**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT / COUNTERCLAIM PLAINTIFF, LS1 LLC [63]**

Court and counsel confer re Defendant's Motion to Dismiss. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the Motion without prejudice.

Court and counsel confer re Motion to Withdraw. For reasons stated on the record, the Court GRANTS the Motion effective upon notice and service to Defendant of the withdrawal.

The Court sets a status conference as to Defendant LSI LLC for March 28, 2019 at 8:30 a.m. Defendant LSI will have until March 26 to obtain new counsel. Newly retained counsel and/or a representative for Defendant, are ordered to appear. Failure to appear may result in Defendant's Answer being stricken for failure to defend.

: 08

Initials of Preparer JG

## I. Background

John Dlugolecki ("Plaintiff") sues Backgrid USA Inc. ("Backgrid") for: (1) willful copyright infringement, (2) willful contributory copyright infringement, and (3) willful infringement of Section 1202 of the Copyright Act ("Section 1202"). Plaintiff alleges the following relevant facts:

Plaintiff is a professional photographer who owns the registered copyrights to the photographs at issue in this case. *See* Complaint for Copyright Infringement and Other Claims ("Complaint"), Docket No. 1, ¶¶ 5, 7 & Exh. B. The photographs are of Rachel Meghan Markle – Plaintiff created them when Markle attended Immaculate Heart Middle and High School in the 1990s. *See id.* ¶ 1. They were originally published with Plaintiff's authorization in yearbooks issued in the 1990s. *See id.* ¶ 7.

Backgrid is a photo-licensing agency that disseminates photographs for public display, for profit. *See id.* ¶ 1. Backgrid actively solicits members of the public, including persons with whom it has no relationship and about whom it has no knowledge, to upload to it photos which Backgrid would then "ostensibly 'license' (for payment) others to display and otherwise exploit." *Id.* ¶ 3.

Plaintiff has identified one specific infringing use by Backgrid of one of his photographs in his Complaint and believes there were others. *See id.* ¶¶ 12-13 & Exh. C. Here, Backgrid had no right to make that dissemination, though its website proclaims that "[e]very photo and video in our archive goes through a rigorous editing and quality control process. The result is content that is visually stunning, editorially appealing and ready to be published." *Id.* ¶¶ 1, 9. Backgrid falsely represented that it had the legal right to "license" the photos for further public display/publication here. *See id.* ¶ 9. It did so, at least in part, by disseminating copies of photos with "copyright management information" ("CMI") on them that communicated that Backgrid had the legal right to grant legally-enforceable licenses for the photos bearing that CMI. *See id.* ¶ 11. And, on information and belief, it entered into downstream "ostensible licenses" without performing any "due diligence," *i.e.* without performing any "editing and quality control process." *Id.* ¶ 10.

Backgrid now moves to dismiss or strike Plaintiff's request for statutory damages and

attorneys' fees; to strike Plaintiff's willfulness allegations; for a more definite statement concerning which work(s) and copyright registration(s) are at issue in the case; to dismiss the claim for contributory copyright infringement; and to dismiss the Section 1202 claim.

## II. Applicable Legal Standards

### A. Rule 12(b)(6)

Under Rule 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.*

B. Rule 12(f)

Under Rule 12(f), matter may be stricken from a pleading if it constitutes an "insufficient defense" or "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). In *Whittlestone*, the Ninth Circuit read the terms "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being plead" and "impertinent" matter as "consist[ing] of statements that do not pertain, and are not necessary, to the issues in question." 618 F.3d at 974 (quoting *Fantasy, Inc.*, 984 F.2d at 1527). Under *Whittlestone*, where material "relates directly to the plaintiff's underlying claim for relief" it cannot be considered "immaterial." *Id.* Because of its similar application, the Court believes that the same general rule should apply to a determination of whether matter is "impertinent." Where there is "*any doubt* as to whether the allegations might be an issue in the action, courts will deny" a Rule 12(f) motion. *In re 2TheMart.com, Inc. Secs. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

C. Rule 12(e)

Rule 12(e) – the provision allowing a motion for a more definite statement – applies "on those rare occasions where a complaint is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," and requires the moving defendant to "point[] out 'the defects complained of and the details desired.'" *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Fed. R. Civ. P. 12(e)); Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). "A motion for a more definite statement is not appropriate, however, when the complaint suffers from a lack of detail." *Stoyanof v. Crocodiles Not Waterlillies, L.L.C.*, No. 11-00384 HWG, 2011 WL 13232088, *4 (D. Ariz. June 23, 2011).

## III. Analysis

A. Statutory Damages and Attorneys' Fees

Backgrid asks the Court to strike or dismiss Plaintiff's requests for statutory damages and attorneys' fees. Under § 412 of the Copyright Act:

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for − (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(1)-(2). Backgrid argues that Plaintiff has failed to allege the date infringement commenced, the registration date, and the date of first publication, and has also failed to identify which of the several registrations attached to the Complaint at Exhibit B is at issue for the single infringement specifically identified in the Complaint by way of Exhibit C. The Court need not engage in detailed analysis on this point – the parties have effectively conceded rights in this regard, and the only question is what to do about it going forward.

Plaintiff does not contest that, due to the timing requirements of Section 412, he has no right to statutory damages or attorneys' fees for infringement in connection with the single alleged infringement he has specifically identified in the Complaint. Nor does he contest that this is a proper subject of a motion to dismiss/strike. However, he has reason to believe that there are other infringements and that Backgrid simply has not been forthcoming with information about those facts thus far. *See* Complaint ¶ 12. The Court finds no reason to conclude that this assertion is outlandish or implausible. The Court sees little sense in striking or dismissing a request for statutory damages or attorneys' fees that still may play a part in this litigation, *see In re 2TheMart.com*, 114 F.Supp.2d at 965, especially where if indeed the case winds up being limited to the one alleged infringement thus far sufficiently identified in the Complaint, Backgrid has the benefit of Plaintiff's admission that he has no right to those remedies in that situation.[1]

B. <u>Willfulness Allegations</u>

The Court does not believe that Backgrid's general challenge to Plaintiff's willfulness allegations fits within any of the permissible categories of "strikable" material Rule 12(f) defines, and, as *Whittlestone* makes clear, it is only that Rule's strict categories of information/material that are "strikable." *See also In re Mortgs. Ltd.*, 771 F.3d 623, 630 (9th Cir. 2014). Backgrid believed that the request to strike might be appropriate *if* the Court granted its request to dismiss/strike the

---

[1] However, the Plaintiff would be cautioned that, if he does amend his complaint to add a copyright that was registered before its infringement by Defendant, his claims for statutory damages and attorneys' fees will be eventually dismissed. Further, after Fed. R. Civ. P. 26(f) scheduling conference, any amendments to pleadings will have to be made pursuant to Rule 16 which is somewhat restrictive.

prayers for statutory damages and attorneys' fees, but as the foregoing discussion indicates, the Court is not inclined to take that step here and now. As such, *Kent v. Universal Studios, Inc.*, No. CV 08-2704 GAF (SHx), 2008 WL 11338293, *4 (C.D. Cal. Aug. 15, 2008), which Backgrid cited only in its Reply (and which pre-dated *Whittlestone*), is not on-all-fours on this question.

C. More Definite Statement

Backgrid wants more information about which work or works, and which registrations, are at issue in Plaintiff's case. While the Court can appreciate Backgrid's frustration and the utility such information would provide for purposes of determining – among other things – the application of Section 412's provision concerning availability of statutory damages and attorneys' fees, the Court does not believe that the Complaint presents one of those "rare occasions" where a Rule 12(e) motion deserves success. Further detail here will have to come by way of the back-and-forth the discovery process provides and allows.

D. Contributory Copyright Infringement

With respect to the claim for contributory copyright infringement, Backgrid takes aim at Plaintiff's attempt to plead Backgrid's knowledge of direct infringement. In *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996), the Ninth Circuit stated that "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." (citing *Universal City Studios v. Sony Corp. of Am.*, 659 F.2d 963, 975 (9th Cir.1981), *rev'd on other grounds*, 464 U.S. 417 (1984) (adopting *Gershwin Pub. Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159, 1162 (2d Cir. 1971) in the Ninth Circuit)). Several years later, it confirmed that "[c]ontributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement." *A&M Records, Inc. v. Napster, Inc.*, 293 F.3d 1005, 1020 (9th Cir. 2001); *see also Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) ("Liability for contributory copyright infringement attaches if the Carriers (1) knew of the direct infringement; and (2) they either induced, caused, or materially contributed to the infringing conduct.").

Here, Plaintiff relies on his information-and-belief allegation that Backgrid did not do any "due diligence" – contrasting that with the "editing and quality control process" Backgrid claims to employ – in connection with entering into licenses for further public display of images that it has received from "members of the public, including persons with whom it has no relationship and about whom it has no knowledge." Complaint ¶¶ 1, 3, 9-10. Like Backgrid, the Court finds

Plaintiff's allegations in this regard deficient for purposes of satisfying the necessary knowledge allegation.

First, the Court does, in fact, believe, that a simple allegation that a party has not performed any "due diligence" can, under the right circumstances, constitute a non-conclusory factual allegation under *Twombly*/*Iqbal*. Had Plaintiff said nothing more than that, the Court might have had to confront that point head-on. Here, however, Plaintiff appears to equate a "due diligence" process with Backgrid's purported "editing and quality control process." *Id.* ¶ 10 ("On information and belief, Backgrid did not perform any due diligence – *in its words, any 'editing and quality control process'* – before it undertook to dis-seminate the Markle Photos.") (emphasis added). Given the line of business Plaintiff has alleged Backgrid operates – the receipt and further dissemination of photographs – the Court cannot join Plaintiff in the leap from a self-professed "editing and quality control process" to the existence (or non-existence) of a full-fledged "due diligence" process designed to assess the intellectual property rights of those who submit photographs to Backgrid. As Backgrid argues in its motion, "editing and quality control" speaks most obviously (or most "plausibly") to care taken regarding the *quality* of the image in question, not *rights thereto*.

Of course the *non-existence* of a "due diligence" process – as opposed to the failure to adhere to a perceived existing due diligence process – for assessing rights might still get Plaintiff to the same place in the analysis, but Plaintiff does not appear to have made that allegation just yet. Beyond that, however, the further question is whether the failure to do something that a conscientious entity operating in this sphere might do is enough to lay the groundwork for a knowledge or "reason to know" allegation.[2] While Plaintiff deems what he believes Backgrid to have done (or not done) here an "appalling practice" and "professional recklessness and indifference to copyright rights," Docket No. 17, at 5:27, 6:8-9, that makes it sound an awful lot like a negligence allegation. Certainly Plaintiff has not directed the Court to any case suggesting that the absence of such a process, or the failure to competently apply it, satisfies a "know or have reason to know" standard. *See Luvdarts*, 710 F.3d at 1072 ("To establish liability, the first prong

[2] It might very well be enough in the context of assessing "willful infringement." *See Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016). But that is not the question here. If *Friedman* also stands for such a proposition with respect to the particular question here, Plaintiff would do well to explain his thinking further on that point instead of providing a single opaque "e.g." citation and parenthetical. *See* Docket No. 17, at 6:8-12.

requires more than a generalized knowledge by the Carriers of the possibility of infringement.").

In sum, the Court believes that Plaintiff has not sufficiently factually alleged the necessary knowledge element for such a claim. It is dismissed with leave to amend.

E. Section 1202 Claim

"Copyright law restricts the removal or alteration of [CMI] – information such as the title, the author, the copyright owner, the terms and conditions for use of the work, and other identifying information set forth in a copyright notice or conveyed in connection with the work." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 671 (9th Cir. 2018) (citing 17 U.S.C. § 1202(b)-(c)), *petition for cert. filed* (U.S. Jan. 3, 2019) (No. 18-878). Plaintiff's claim is based on Section 1202(a). *See* Complaint ¶¶ 20-21. That section provides that "[n]o person shall *knowingly* and with the intent to induce, enable, facilitate, or conceal infringement – (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a)(1)-(2) (emphasis added).

For Plaintiff's Section 1202 claim, Backgrid argues that Plaintiff has merely provided conclusory allegations about Backgrid's mental state. In short, the Court agrees. Plaintiff has simply offered the conclusion that Backgrid's CMI communications "were knowingly false." Complaint ¶ 11; *see also id.* ¶ 21 ("Knowing that it had no legal right to exploit Markle Photos, by providing and distributing false copyright management information Backgrid violated and infringed § 1202(a) of the Copyright Act . . . ."). In opposing Backgrid's motion, Plaintiff "incorporates" his knowledge discussion in the contributory copyright infringement context into his Section 1202 discussion, *see* Docket No. 17, at 6:20-23, but for the reasons addressed above, that does him no good (and, as Backgrid points out, the knowledge question for contributory copyright infringement differs from the Section 1202 knowledge question). And while "knowledge" may be a question of fact, where a plaintiff is required to plead such knowledge, he must do so by way of factual allegations. *See Morgan v. Associated Press*, No. 15-03341-CBM-JEM, 2016 WL 6953433, *3 (C.D. Cal. Mar. 16, 2016); *cf. Lasica v. Am. Online, Inc.*, No. CV 15-4230-GW (FFMx), 2015 WL 12791495, *7 (C.D. Cal. Sept. 3, 2015). The sufficiency of the factual allegations in another case, *Nolan Miller Incorporation v. Hees*, No. 2:17-cv-07355-ODW (PLA), 2018 WL 3533392 (C.D. Cal. July 20, 2018), is not a question before this Court (nor was it truly before the *Nolan Miller* court either, at least in a typical way, as that proceeding involved an application for default judgment).

As with the contributory copyright infringement claim, the Court does not believe that Plaintiff has sufficiently alleged the knowledge requirement for his Section 1202 claim. It too is dismissed with leave to amend.

**IV. Conclusion**

The Court grants the motion in part and denies it in part. The claims for contributory copyright infringement and for a Section 1202 violation are dismissed, with leave to amend. Otherwise, the Court denies the motion.