JACK L. HENNINGSEN, STATE BAR ID #200062
jhenningsen@tfmclaw.com
TURNER, FRIEDMAN, MORRIS & COHAN, LLP
8383 Wilshire Blvd., Suite 510
Beverly Hills, CA 90211
Telephone: 323-653-3900
Fax: 323-653-3021

Attorneys for Defendant/Counterclaim-Plaintiff LS1 LLC and Defendant George Heckler

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)

| | |
|---|---|
| WAYNE HIMELSEIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LS1 LLC, a Pennsylvania Limited Liability Company; and <br> GEORGE HECKLER, an Individual, <br><br> Defendants. <br><br> LS1 LLC. <br><br> Counterclaim-Plaintiff, <br><br> vs. <br><br> WAYNE HIMELSEIN and LOGICA CAPITAL ADVISERS, LLC, <br><br> Counterclaim-Defendants. | Case No.: 2:18-cv-03940 GW-(JCx) <br><br> **DEFENDANT/COUNTERCLAIM PLAINTIFF LS1, LLC AND DEFENDANT GEORGE HECKLER'S SECOND MOTION FOR STAY** <br><br> DATE: December 19, 2019 <br> TIME: 8:30 a.m. <br> JUDGE: Hon. George H. Wu <br> COURTROOM: 9D |

- 1 -

**SECOND MOTION TO STAY CASE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 19, 2019 at 8:30 a.m. or as soon thereafter as the matter may be heard, Defendant/Counterclaim Plaintiff LS1, LLC and Defendant George Heckler (hereinafter "Defendants") will move the Court for an order temporarily staying certain aspects of discovery in this case for a 90 day period. Given the pending trial date of March 24, 2020, it would also become necessary for the Court to continue trial by three months.

The motion is based on this Notice and the Memorandum of Points and Authorities set forth below, the Declaration of Lawrence McMichael, the Declaration of Jack Henningsen, the papers on file in this action, argument of counsel at the hearing, and any other matters the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place both on November 13, 2019 and November 15, 2019.

Dated: November 19, 2019          TURNER FRIEDMAN MORRIS & COHAN, LLP

By: /s/ Jack L. Henningsen
JACK L. HENNINGSEN

Attorneys for Defendant/Counterclaim-Plaintiff LS1 LLC and Defendant George Heckler

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 6, 2019, Defendants George Heckler and LS1, LLC (collectively "Heckler") moved for a stay of this case (the "Stay Motion").

The basis for the Stay Motion was that Brenda Smith, the administrator of several investment entities owned by Heckler (including LS1), had been arrested on August 27, 2019 in what the newspapers described as a $105 million Ponzi scheme. She was charged with four counts of wire fraud and one count of securities fraud.

As Mr. Heckler informed the Court in his Stay Motion, there were two parallel investigations underway – one being conducted by the United States Attorney's Office for the District of New Jersey ("USAO"), and another by the Securities and Exchange Commission ("SEC"). Mr. Heckler was, and continues to be, a subject of these investigations.

On September 16, 2019, during a status conference in this case, the Court informed the parties it was aware of the Stay Motion, and it intended to grant it. The Court then directed the parties to work out a stipulation to extend the trial date, and all other case-related dates in this matter. On September 26, 2019, the parties submitted a joint stipulation for a new scheduling order extending all case-related dates by three months, which the Court then approved.

Recent developments with the two investigations now require Mr. Heckler to move for an additional stay. Two weeks ago, Mr. Heckler and his Philadelphia-based attorney met with the FBI, the SEC, and the USAO. Mr. Heckler participated in two days of interviews with these organizations. All of them indicated the interviews are not complete, and they wish to conduct additional interviews. Mr. Heckler and his counsel anticipate those interviews will likely occur sometime in December 2019.

Accordingly, Mr. Heckler seeks an additional stay of three months. This would only apply to his own deposition, but not third party discovery. He has asked Plaintiff Wayne Himelsein ("Himelsein") to stipulate to a further stay, but Himelsein has

refused, thus making this motion necessary.

This is a request for a short stay based on new developments in the two investigations. Mr. Heckler had hoped the criminal investigations would be concluded by now, but obviously he has no control over that situation. Mr. Heckler makes this request so he is not forced to make a choice between waiving his constitutional rights, or invoking them and compromising his ability to defend himself in this case.

## II. STATEMENT OF FACTS

Brenda Smith was arrested less than three months ago on August 27, 2019. *See* Declaration of Lawrence McMichael ("McMichael Dec."), ¶4. Ms. Smith was the administrator for all of the investment entities owned by Defendant George Heckler, including LS1. *McMichael Dec.*, ¶3.

The SEC and the USAO are conducting parallel investigations into Brenda Smith and her entities. *McMichael Dec.*, ¶4. These investigations have resulted in criminal charges against Brenda Smith by the USAO and a civil action by the SEC. *Id.* The newspaper account of her arrest from the *Philadelphia Inquirer* is attached as Exhibit A to the McMichael Declaration; the SEC notification is attached as Exhibit B. *McMichael Dec.*, ¶4, Ex. A, B.

Mr. Heckler has cooperated fully in these investigations. *McMichael Dec.*, ¶5. As part of his cooperation, Mr. Hecker was requested to keep all aspects of the investigation confidential. *Id.* He has been advised that he, among others, is a subject of the investigations. *Id.* at ¶6.

Two weeks ago, Mr. Heckler and his attorney participated in additional interviews with the SEC, the USAO, and the FBI. All of these organizations indicated they were not done with their interviews, and they will need to speak with Mr. Heckler again in the near future. *McMichael Dec.,* ¶7. Mr. Heckler's counsel anticipates those additional interviews will likely occur sometime in December 2019. *Id.* If, at that point, these organizations decide they have gathered sufficient information from Mr. Heckler, then his attorney anticipates the two investigations will end within a few

months, with the results being known at that time. *Id.* at ¶7.

Until the investigations have been concluded, Mr. McMichael will advise Mr. Heckler to invoke his constitutional privilege against self-incrimination with respect to any deposition testimony (or other compelled testimony) relating to any of the investment entities, including LS1, and any transactions involving such entities. *McMichael Dec.*, ¶8. Based upon his discussions with investigators, Mr. McMichael's understanding is that the scope of the two investigations includes all of the entities identified in paragraph 3 of his declaration, including LS1. *Id.*

On September 6, 2019, after being unable to secure a stipulation from Himelsein's counsel, Mr. Heckler filed the Stay Motion. *See* Declaration of Jack L. Henningsen ("Henningsen Dec."), ¶3. During the status conference on September 16, 2019, the Court informed the parties it had reviewed the Stay Motion, it was prepared to grant it, and it directed the parties to confer on a new scheduling order. *Henningsen Dec.,* ¶4. The parties proceeded to stipulate to a new scheduling order extending all case dates by approximately three months. *Id.*

After learning last week about the recent developments in the two investigations (the interviews of Mr. Heckler by the FBI, SEC, and USAO), Mr. Heckler's counsel asked Himelsein's counsel to stipulate to a three-month stay. *Henningsen Dec.*, ¶5. Himelsein's counsel has refused, thus making the present motion necessary. *Id.*

As noted in Heckler's first Stay Motion, not only does the scope of the parallel investigations include LS1, but Himelsein has made allegations in his Third Amended Complaint which would require Heckler to testify about his relationship with Brenda Smith, his relationship with CV Special Opportunity Fund,[1] and his relationship with LS1. For example, Himelsein alleges Heckler "used Brenda Smith in connection with making payments under the Purchase Agreement," and "had CV Special Opportunity Fund pay the first $600,000 due as Mandatory Installment Payments due under the

---

[1] CV Special Opportunity Fund is one of the entities administered by Brenda Smith that is under investigation. *McMichael Dec.*, ¶8.

- 5 -

**SECOND MOTION TO STAY CASE**

Purchase Agreement because LS1 lacked the funds." *ECF No. 76,* ¶55.  He further alleges "the funds required to operate LS1 came from Heckler and/or from other entities such as CV Special Opportunity Fund in 2014 at the direction of Heckler." *Id.* at ¶60. In broader terms, Himelsein alleges Heckler is the alter ego of LS1. *Id.* at ¶¶47-79.

In essence, if Himelsein is permitted to depose Heckler about these allegations at the present time, Heckler will either be forced to waive his constitutionally protected right against self-incrimination, or he can invoke that right and risk significantly compromising his own defense in this matter.

Heckler is requesting another brief three month stay, and only as it relates to his own deposition testimony.  This request is reasonable and should be granted.

### III. ARGUMENT

#### A. The Court Has the Authority to Grant the Stay Heckler and LS1 are Requesting

It is within the trial court's discretion to stay civil proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision,* 45 F. 3d 322, 324 (9th Cir. 1995).  The decision is made "in light of the particular circumstances and competing interests involved in the case" and "considering the extent to which the defendant's Fifth Amendment rights are implicated." *Id.* at 324; *citing Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F. 2d 899, 902 (9th Cir. 1989).

Additional factors for the Court to consider include: (1) the interests of the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the convenience of the court in managing its case load; (4) the interests of third parties; and (5) the interests of the public in the pending civil and criminal proceedings. *Keating*, 45 F. 3d at 324-35.

In finding a stay was proper, the Northern District of California in *Jones v. Conte* reasoned that "if discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil

case." *Jones v. Conte*, 2005 WL 1287017 (N.D. Cal. 2005) at *1; *citing Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

The fact that Mr. Hecker has not been charged with a crime is immaterial; the mere possibility of criminal prosecution is all that is necessary for the Fifth Amendment privilege against self-incrimination to be invoked. *Matter of Seper*, 705 F. 2d 1499, 1501 (9th Cir. 1983).

And while the 9th Circuit has recognized that a stay is not *required*,[2] many California federal courts have granted a stay in the interests of justice. In *Taylor, Bean & Whitaker Mort. Corp. v. Triduanum Financial, Inc.*, the Court granted the defendants' request for a three month stay, even though one of the three defendants had not been charged with any criminal wrongdoing when they moved for a stay, because it found the parallel civil litigation "may substantially implicate defendants' Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending criminal proceedings." *Taylor, Bean & Whitaker Mort. Corp. v. Triduanum Financial, Inc.,* 2009 WL 2136986 at *1-2; *see also Square 1 Bank v. Lo*, 2014 WL 7206874 at *5 (granting two month stay of discovery pending defendant's sentencing); *Jones v. Conte, supra,* at *2 (granting stay of civil litigation pending resolution of criminal case); *McCormick v. Rexroth,* 2010 WL 934242 at *5 (granting stay of civil litigation pending resolution of criminal trial).

**B.   Heckler and LS1 are Entitled to a Stay of This Case**

Applying the *Keating* factors, the Court should stay this case in the interests of justice.

First, Himelsein will suffer no meaningful prejudice from an additional three month stay. As the Court will see once this case proceeds to trial, Himelsein's claims border on the frivolous to begin with. In 2013, Himelsein sold an "asset" to LS1 that turned out to be completely worthless. The asset was an interest in a limited liability

---

[2] *Molinaro,* 889 F. 2d at 902.

company he owned.  Himelsein fraudulently claimed the company was owed deferred management fees worth $33 million.  In six years, this company *has not received a dime* of these deferred management fees purportedly owed to it, and there is no prospect for it to do so in the future.

LS1 paid Himelsein $3.9 million for this "asset," and once it discovered (contrary to Himelsein's representations) the asset was worthless, it ceased any further payments.  Undeterred, Himelsein believes LS1 must still pay him an additional $15 million for this worthless asset.  As the Defendants see it, Himelsein has already absconded with $3.9 million of LS1's funds.  Requiring him to wait an additional three months before he tries to persuade a jury that he is owed another $15 million for a completely worthless asset he sold to LS1 is hardly an undue burden.  The burden is especially light when the Court considers Heckler is only asking that his own deposition be stayed for three months, and trial be continued for three months, with no limitation on third party discovery.  *See Square 1 Bank*, 2014 WL 7206874 at *4 ("it is difficult to imagine how a minimal two-month delay will actually prejudice Plaintiff.  This is particularly true where, as here, the stay will last for a finite period of time").

Second, forcing Heckler to submit to a deposition right now would potentially cause him an extreme amount of prejudice.  As noted, Heckler is a subject of a criminal investigation that resulted in the August 2019 arrest of Brenda Smith.  After Heckler had previously participated in interviews with the FBI, SEC, and USAO, they interviewed him again two weeks ago, and want to question him further in the near future.

The scope of these investigations extends to all of Heckler's investment entities, including LS1.  Further, Himelsein's Third Amended Complaint alleges Heckler is the alter ego of LS1, and pleads facts which, if inquired into during Heckler's deposition, would include questions about Heckler's relationship with Brenda Smith, her relationship to LS1, and the relationship between her investment entities and LS1.  As noted, Heckler's attorney would advise him to invoke his 5th Amendment rights in

1  response to any such questions.

2      Third, in terms of the Court's convenience in managing its caseload, Heckler cannot speculate as to the Court's present case load.  With that said, he is only requesting an additional three-month stay.  The Courts have recognized that a stay in this situation is often beneficial because, without it, a defendant "will object to the lion's share of questioning at his deposition, requests for admission and the like, which will require the parties to bring question-by-question challenges to the Court's attention for resolution." *Square 1 Bank*, 2014 WL 7206874 at *4.

    Fourth, there are no real "interests of third parties" that are implicated here. However, when it comes to the fifth *Keating* factor, "the interests of the public in the pending civil and criminal proceedings," the Courts have consistently found that "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigation." *Jones,* 2005 WL 1287017 at *2; *citing Javier H.*, 218 F.R.D. at 75; *see also Taylor*, 2009 WL 2136986 at *4 (quoting *Javier H.* for the proposition that "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant"); *SEC v. Alexander*, 2010 WL 5388000 (N.D. Cal. 2010) at *6 (in parallel civil and criminal proceedings, "the criminal case is of primary importance to the public," while the civil case which will result in only monetary damages "is not of an equally pressing nature").

///
///
///
///
///
///
///
///
///

**SECOND MOTION TO STAY CASE**

### III. CONCLUSION

Heckler and LS1's request for an additional three month stay – with no limitation on third party discovery during that time – is a completely reasonable one. Heckler and LS1 had hoped the criminal investigations would be finished by this time, but plainly they have no control over that situation. In the meantime, Heckler could face serious prejudice if he is forced to testify before the two investigations are completed, whereas Himelsein will suffer no prejudice at all from a short delay. Heckler and LS1 therefore ask the Court to grant their request for a three month stay as to Heckler's deposition, and a corresponding three month trial continuance.

Dated: November 19, 2019        TURNER FRIEDMAN MORRIS & COHAN, LLP


By:      /s/ Jack L. Henningsen
         JACK L. HENNINGSEN
         Attorneys for Defendant/Counterclaim-Plaintiff LS1 LLC and Defendant George Heckler